JS 44 (Rev. 02/19)

20-cv-1265

# CIVIL COVER SHEET

20    1265

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

PENNSYLVANIA APPAREL, LLC, 1454 Schrirra Drive, Ambler, PA 19002

(b) County of Residence of First Listed Plaintiff  Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Charlson Braber McCabe & Denmark, 1628 JFK Blvd., Suite 1803, Phila., PA 19103, 215-330-5703

## DEFENDANTS

BRIGADE MANUFACTURING, INC., 101 Ostrover Drive, Tylertown, MS 39667

County of Residence of First Listed Defendant  Walthall
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332

Brief description of cause:
contract action to recover for payment of goods and services

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER   MAR - 2 2020

DATE
03/03/2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #         AMOUNT              APPLYING IFP              JUDGE              MAG. JUDGE

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

20   1265

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1454 Schirra Drive, Ambler PA 19002

Address of Defendant: 101 Ostrover Drive, Tylertown, MS 39667

Place of Accident, Incident or Transaction: Ambler, PA

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 03/03/2020   _____   89508
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

*Must sign here*

---

**CIVIL: (Place a √ in one category only)**

**A.    Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
   *(Please specify):* _____

**B.    Diversity Jurisdiction Cases:**

- ☑ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Liam Y. Braber _____, counsel of record *or pro se plaintiff*, do hereby certify:

- ☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☐ Relief other than monetary damages is sought.

MAR - 2 2020

DATE: 03/03/2020   _____   89508
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

*Sign here if applicable*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Pennsylvania Apparel, LLC<br>1454 Schrirra Drive<br>Ambler, PA 19002 | : | CIVIL ACTION |
| v.<br>Brigade Manufacturing, Inc.<br>101 Ostrover Drive<br>Tylertown, MS 39667 | :<br>:<br>:<br>: | NO. **20   1265** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X)

| | | |
|---|---|---|
| March 3, 2020 | Liam Y. Braber | Pennsylvania Apparel, LLC |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-330-5703 | 215-660-0183 | liam@charlsonlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

MAR - 2 2020

$400

PD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PENNSYLVANIA APPAREL, LLC,<br>1454 Schirra Drive<br>Ambler PA 19002 | :<br>:<br>: |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| BRIGADE MANUFACTURING, INC.,<br>101 Ostrover Drive<br>Tylertown, MS 39667 | :<br>:<br>: |
| | : |
| Defendant. | : |
| | : |

Civil Action No.  20  1265

## **COMPLAINT**

Plaintiff, Pennsylvania Apparel, LLC ("Pennsylvania Apparel"), by and through its undersigned counsel, Charlson Braber McCabe & Denmark, brings this Complaint against Defendant, Brigade Manufacturing, In. ("Brigade") and avers as follows:

### Jurisdiction & Venue

1.     This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

2.     Venue lies in this Court pursuant to 40 U.S.C. § 3133(b)(3)(B) and 28 U.S.C. § 1391(b)(3).

### The Parties

3.     Plaintiff, Pennsylvania Apparel is an Illinois limited liability company registered to do business in Pennsylvania with a place of business located at 1454 Schirra Drive, Ambler PA 19002.

2

4.       Upon information and belief, Brigade is a Mississippi corporation with its principal place of business located at 101 Ostrover Drive, Tylertown, MS 39667.

### Facts Common to all Counts

5.       On or around June 1, 2015, Pennsylvania Apparel and Brigade entered into a written contract ("the 2015 contract") whereby Pennsylvania Apparel agreed to supply Brigade with certain "fabric and components (except thread)" for its use in the manufacture and packing of Army dress shirts for purchase by the United States Defense Logistics Agency Troop Support ("DLATS") pursuant to DLATS Solicitations SPM1C1-14-R-1007 and -1009. A true and correct copy of the 2015 contract is attached hereto as Exhibit "A."

6.       Under the 2015 contract, Brigade agreed to perform all the cutting, sewing, and packing of the aforementioned shirts at its own cost and expense. Id. at ¶2.

7.       Under the 2015 contract, Pennsylvania Apparel agreed to pay all the freight to send the completed shirts to DLATS. Id. at ¶3.

8.       Under the 2015 contract, Pennsylvania Apparel also agreed to act as Brigade's Contract Administrator and communicate with DLATS on its behalf.

9.       As consideration for Pennsylvania Apparel's performance under the 2015 contract, Brigade agreed to pay Pennsylvania Apparel in an amount commensurate with Brigade's invoices to DLATS for the shirts manufactured and delivered pursuant to the aforementioned Solicitations. Id. at ¶8.

10.      Specifically, Brigade agreed to maintain an account at Bank of America—over which Pennsylvania Apparel had signatory authority—into which all payments from DLATS would be deposited and from which Pennsylvania Apparel would withdraw all such payments. Id.

3

11.     The parties further agreed that Brigade would not unilaterally change the bank account designated for payments from DLATS and withdrawal by Pennsylvania Apparel until final payment had been received by Pennsylvania Apparel under the 2015 contract.  Id.

12.     On or around March 8, 2017, Pennsylvania Apparel and Brigade entered into a written contract ("the 2017 contract") whereby Pennsylvania Apparel agreed to supply Brigade with certain "fabric and components (except thread)" for its use in the manufacture and packing of men's dress shirts for purchase by DLATS pursuant to DLATS Solicitation SPE1C1-16-R-0167.  A true and correct copy of the 2018 contract is attached hereto as Exhibit "B."

13.     The 2017 contract repeats all the same material terms of the 2015 contract as set forth above.  Id.; cf. Exhibit "A."

14.     On or around October 27, 2018, Pennsylvania Apparel and Brigade entered into a written contract ("the 2018 contract") whereby Pennsylvania Apparel agreed to supply Brigade with certain "fabric and components (except thread)" for its use in the manufacture and packing of men's dress shirts for purchase by DLATS pursuant to DLATS Solicitation SPE1C1-18-R-0127.  A true and correct copy of the 2018 contract is attached hereto as Exhibit "C."

15.     The 2018 contract repeats all the same material terms of the 2015 contract as set forth above.  Id.; cf. Exhibit "A."

16.     Pennsylvania Apparel has fully performed all its obligations to Brigade under the 2015, 2017, and 2018 contracts (collectively referred to hereinafter as "the contracts").

17.     However, Brigade has failed to pay Pennsylvania Apparel for same.

18.     Specifically, at some time on or around January 14, 2020, Brigade unilaterally changed the bank account to which DLATS payments are sent for shirts manufactured and delivered under the aforementioned Solicitations incorporated into the contracts.

4

19.     Since that time, Brigade has received payments of over $312,000 from DLATS that should have been available for withdrawal by Pennsylvania Apparel but were not.

20.     Brigade has likewise failed and refused to make alternate payment to Pennsylvania Apparel in any amount despite its contractual obligations to do so and Pennsylvania Apparel's repeated demands for same.

21.     In addition, Brigade has received or will receive payment from DLATS of over $103,000 for shirts manufactured and delivered under the contracts, all of which is due and owing to Pennsylvania Apparel but has not been remitted.

22.     As a result of Brigade's failure to pay Pennsylvania Apparel in accordance with the contracts, Pennsylvania Apparel has suffered damages in excess of $415,500.

## COUNT ONE
### Breach of Contract

23.     Pennsylvania Apparel incorporates the averments set forth in the preceding paragraphs as if same were set forth more fully at length herein.

24.     Pennsylvania Apparel has fully performed and satisfied all of its obligations to Brigade under the contracts.

25.     Brigade has received and retained the benefit of the goods and services Pennsylvania Apparel provided to it under the contracts.

26.     However, Brigade has failed to maintain the bank account designated by Pennsylvania Apparel as required by the contracts.

27.     Accordingly, Brigade has failed to remit to Pennsylvania Apparel the payments of over $312,000 it received from DLATS for shirts manufactured and delivered under the contracts since January 14, 2020.

5

28.     In addition, Brigade has failed to make payment to Pennsylvania Apparel of an additional $103,000 for shirts manufactured and delivered under the contracts and accepted by DLATS for which it has or will receive payment from DLATS.

29.     Brigade's actions constitute a material breach of the contracts.

30.     As a direct result of Brigade's breaches of the contracts, Pennsylvania Apparel has suffered damages in the principal amount of $415,502.75, together with interest, attorney's fees, and costs of suit.

WHEREFORE, Plaintiff, Pennsylvania Apparel, LLC, respectfully requests that the Court enter judgment against Defendant, Brigade Manufacturing, Inc., in the principal amount of $415,502.75, together with interest, attorneys' fees and costs, and such other relief as the Court may deem just.

## COUNT II
### Unjust Enrichment

31.     Pennsylvania Apparel incorporates the averments set forth in the preceding paragraphs as if same were set forth more fully at length herein.

32.     Brigade induced Pennsylvania Apparel to provide the fabric and components needed for it to manufacture shirts for purchase by DLATS through its orders and promises to pay, upon which Pennsylvania Apparel justifiably relied.

33.     Brigade fully received the benefits of and has been enriched by the materials supplied by Pennsylvania Apparel, which it used to manufacture and deliver shirts to DLATS for which it has or will be paid $415,502.75 by DLATS.

34.     Brigade has failed to pay Pennsylvania Apparel for same.

35.     As such, Brigade has been enriched unjustly.

6

36.    The amounts invoiced by Brigade to DLATS are due and payable and represent a reasonable and fair market value for the goods and services Pennsylvania Apparel provided to Brigade.

WHEREFORE, Plaintiff, Pennsylvania Apparel, LLC, respectfully requests that the Court enter judgment against Defendant, Brigade Manufacturing, Inc., in the principal amount of $415,502.75, together with interest, attorneys' fees and costs, and such other relief as the Court may deem just.

                              CHARLSON BRABER McCABE & DENMARK

Date: 3/3/2020          By:

                              LIAM T. BRABER, ESQUIRE (PA ID #89508)
                              liam@charlsonlaw.com
                              1628 JFK Blvd., Suite 1803
                              Philadelphia, PA 19103
                              (215) 330-5703 tel.
                              (215) 660-0182 fax
                              Attorneys for Plaintiff

7

# EXHIBIT A

# AGREEMENT

This Agreement ("Agreement") is made and entered into as of the last date set forth below, by and between Brigade Manufacturing, Inc., a Mississippi corporation with its principal place of business at 101 Ostrover Drive, Tylertown, MS, 39667 ("Brigade"), and Pennsylvania Apparel, LLC, an Illinois Limited Liability Company with its principal place of business at 1454 Schirra Drive, Ambler, PA 19002 ("PALLC") (collectively, "the Parties").

**WHEREAS,** Brigade has submitted offers on two (2) solicitations for Army Dress Shirts, Numbers SPM1C1-14-R-1007 (Gray version) and SPM1C1-14-R-1009 (White version) issued by Defense Logistics Agency Troop Support (DLATS) Philadelphia "("the Solicitations"), and

**WHEREAS,** the Parties are desirous of entering into an agreement by which, in the event Brigade receives the contract award from DLATS on either or both of the Solicitations, they agree to perform the resulting contract(s) as outlined below.

**NOW THEREFORE,** in consideration of the mutual covenants and agreements set forth herein, the Parties agree as follows:

1.      **Supply of materials**

PALLC agrees to furnish Brigade, f.o.b Brigade's plant, all fabric and components (except thread), which are required to manufacture and pack these Shirts.

2.      **Cutting, Sewing & Shipping**

Brigade agrees that it will, at its own cost and expense, do all cutting of fabric, all sewing in the completion of said Shirts and all packing for shipments and shall ship said Shirts in accordance with the specifications set forth by the Government in the aforementioned contract.

3.      **Freight**

PALLC agrees that it will pay freight on finished Shirts sent to the destinations specified in aforementioned Contract.

4.      **Specifications**

It is further agreed by PALLC and Brigade that all work pertaining to subject Shirts shall be performed in strict accordance with Specification GL/PD11-06 and to all deviations thereto as cited in said contract(s) and in accordance with all other requirements of the contract(s).

5.   **Government Approval**

It is further agreed by PALLC and Brigade that all of the work shall be subject to inspection, approval and acceptance of the government, whose decision in respect to all questions arising out of the performance of such work shall be final and binding upon the parties hereto.

6.   **Insurance**

PALLC agrees to provide all necessary insurance on fabric, components (except thread), work in process and finished garments.  Brigade agrees to insure its contract labor.

7.   **Prices**

PALLC and Brigade agree to Brigade prices and payment terms according to Schedule A attached hereto for each item completed and delivered.

8.   **Payment to PALLC**

Brigade will designate its right to receive payment(s) under the contract(s) to a bank account designated by PALLC and PALLC shall have signature power over this account.  Brigade cannot change the bank account designated by PALLC for the term of the contract(s) and until final payments have been made and contract(s) closed.

9.   **Financing**

PALLC and Brigade agree that each is in a position to finance its own obligations under this agreement and neither will require financial assistance from the other.

10.   **Government interface**

In addition to providing Brigade with materials and components, PALLC shall act as Brigade's interface with the government on matters relating to the contract(s).  Brigade shall notify DLATS, within one week of receipt of contract award(s), that PALLC is its representative for all matters relating to performance and administration of contract(s).

11.   **Disputes**

A.   Brigade and PALLC agree that the courts of the State of Pennsylvania shall have jurisdiction over all disputes that cannot be resolved amicably between them.

B.   The Parties agree that any dispute which arises under the contract(s) or otherwise involves the Government shall be resolved under the "Disputes" clause in the contract(s); The Parties agree to cooperate in

the prosecution of any claim(s) against the Government or in the defense of any claim(s) by the Government; each party shall bear its own expense, however.

12.    **Governing Law**

This Agreement shall be governed by the laws of the State of Pennsylvania

13.    **Notices**

All notices required or permitted to be given hereunder shall be in writing and shall be sent by registered or certified mail, return receipt requested, by either party to the other at its address set forth below:

Brigade:

Brigade Manufacturing, Inc.
101 Ostrover Drive
Tylertown, MS 39667

Attn:    Anita Davenport
Phone:    931.581.6333
Email:  anita@brigademfg.com

PALLC:

Pennsylvania Apparel, LLC
1454 Schirra Drive
Ambler, PA 19002

Attn:    Michael Mansh
Phone:    215-643-4328
Facsimile:    215-643-4469

Either party may designate a different address for purposes of this section by written notice in accordance with this section.

14.    **Successors and Assigns**

This Agreement is binding upon the successors and assigns of the Parties. Neither party may transfer or assign this Agreement or any of its obligations or duties hereunder, in whole or in part, without the prior written consent of the other party.

15. **Independent contractor status**

   Each party is and shall act as an independent contractor in all matters relating to this Agreement.

16. **Calendar days**

   Except as otherwise provided herein all periods of days referred to in this Agreement shall be measured in calendar days.

17. **Captions**

   Captions have been included for convenience of reference only, and shall not control or affect the meaning or construction of this Agreement or any of its provisions.

18. **Severability**

   In the event that any portion of this Agreement is or becomes void or unenforceable, the remainder shall remain in full force and effect.

19. **Modification or amendment**

   This Agreement may be changed, modified or amended only by a writing signed by the Parties.

20. **Entire agreement**

   This Agreement constitutes the entire agreement of the Parties and supersedes all prior negotiations and/or agreements.

21. **Effective date**

   This Agreement shall be effective upon the date of the last signature affixed hereto.

IN WITNESS WHEREOF the Parties have executed this Agreement on the dates set forth below.

Brigade Manufacturing, Inc.

Dated:  06/01/2015                    By _____
                                          Anita Davenport

                                       Title: President


Pennsylvania Apparel, LLC

Dated:  6/1/15                        By _____
                                          Michael Mansh

                                       Title: President

## SCHEDULE A

PALLC agrees to pay Brigade for each shirt completed, accepted by the government, and shipped as shown below.  Payment to Brigade is to be made within 10 days after receipt of Brigade's invoice and signed bill of lading for each shipment.

### SPE1C1-14-R-0107

1. Men's Gray S/S Army Shirts
   Base Year      -      $10.00/ea.
   Option Year 1 -      $10.10/ea.
   Option Year 2 -      $10.20/ea.
   Option Year 3 -      $10.30/ea.
   Option Year 4 -      $10.40/ea.

2. Men's Gray L/S Army Shirts
   Base Year      -      $10.50/ea.
   Option Year 1 -      $10.61/ea.
   Option Year 2 -      $10.72/ea.
   Option Year 3 -      $10.83/ea.
   Option Year 4 -      $10.94/ea.

### SPE1C1-14-R-0109

1. Men's White S/S Army Shirts
   Base Year      -      $9.60/ea.
   Option Year 1 -      $9.70/ea.
   Option Year 2 -      $9.80/ea.
   Option Year 3 -      $9.90/ea.
   Option Year 4 -      $10.00/ea.

2. Men's White L/S Army Shirts
   Base Year      -      $10.10/ea.
   Option Year 1 -      $10.21/ea.
   Option Year 2 -      $10.32/ea.
   Option Year 3 -      $10.43/ea.
   Option Year 4 -      $10.54/ea.

# EXHIBIT B

# AGREEMENT

This Agreement ("Agreement") is made and entered into as of the last date set forth below, by and between Brigade Manufacturing, Inc., a Mississippi corporation with its principal place of business at 101 Ostrover Drive, Tylertown, MS, 39667 ("Brigade"), and Pennsylvania Apparel, LLC, an Illinois Limited Liability Company with its principal place of business at 1454 Schirra Drive, Ambler, PA 19002 ("PALLC") (collectively, "the Parties").

**WHEREAS,** Brigade has submitted an offer on solicitation SPE1C1-16-R-0167 for Army Gray Dress Shirts issued by Defense Logistics Agency Troop Support (DLATS) Philadelphia "("the Solicitation"), and

**WHEREAS,** the Parties are desirous of entering into an agreement by which, in the event Brigade receives the contract award from DLATS on the Solicitation, they agree to perform the resulting contract as outlined below.

**NOW THEREFORE,** in consideration of the mutual covenants and agreements set forth herein, the Parties agree as follows:

1. **Supply of materials**

   PALLC agrees to furnish Brigade, f.o.b. Brigade's plant, all fabric and components (except thread), which are required to manufacture and pack these Shirts.

2. **Cutting, Sewing & Shipping**

   Brigade agrees that it will, at its own cost and expense, do all cutting of fabric, all sewing in the completion of said Shirts and all packing for shipments and shall ship said Shirts in accordance with the specifications set forth by the Government in the aforementioned contract.

3. **Freight**

   PALLC agrees that it will pay freight on finished Shirts sent to the destinations specified in aforementioned Contract.

4. **Specifications**

   It is further agreed by PALLC and Brigade that all work pertaining to subject Shirts shall be performed in strict accordance with Specification GL/PD11-06 and to all deviations thereto as cited in said contract and in accordance with all other requirements of the contract.

5.      **Government Approval**

It is further agreed by PALLC and Brigade that all of the work shall be subject to inspection, approval and acceptance of the government, whose decision in respect to all questions arising out of the performance of such work shall be final and binding upon the parties hereto.

6.      **Insurance**

PALLC agrees to provide all necessary insurance on fabric, components (except thread), work in process and finished garments. Brigade agrees to insure its contract labor.

7.      **Prices**

PALLC and Brigade agree to Brigade prices and payment terms according to Schedule A attached hereto for each item completed and delivered.

8.      **Payment to PALLC**

Brigade will designate its right to receive payments under the contract to a bank account designated by PALLC at Bank of America and PALLC shall have signature power over this account. Brigade cannot change the bank account designated by PALLC for the term of the contract and until final payments have been made and the contract is closed.

9.      **Financing**

PALLC and Brigade agree that each is in a position to finance its own obligations under this agreement and neither will require financial assistance from the other.

10.     **Government interface**

In addition to providing Brigade with materials and components, PALLC shall act as Brigade's interface with the government on matters relating to the contract. Brigade shall notify DLATS, within one week of receipt of contract award, that PALLC is its representative for all matters relating to performance and administration of the contract.

11.     **Disputes**

A.      Brigade and PALLC agree that the courts of the State of Pennsylvania shall have jurisdiction over all disputes that cannot be resolved amicably between them.

B.      The Parties agree that any dispute which arises under the contract or otherwise involves the Government shall be resolved under the "Disputes" clause in the contract; The Parties agree to cooperate in the prosecution of any claims against the Government or in the defense of

any claims by the Government; each party shall bear its own expense, however.

**12.    Governing Law**

This Agreement shall be governed by the laws of the State of Pennsylvania

**13.    Notices**

All notices required or permitted to be given hereunder shall be in writing and shall be sent by registered or certified mail, return receipt requested, by either party to the other at its address set forth below:

Brigade:

Brigade Manufacturing, Inc.
101 Ostrover Drive
Tylertown, MS  39667

Attn:        Ken Barber
Phone:     985-515-0851
Email:      Ken@Brigademfg.com

PALLC:

Pennsylvania Apparel, LLC
1454 Schirra Drive
Ambler, PA 19002

Attn:          Michael Mansh
Phone:       215-643-4328
Facsimile:   215-643-4469

Either party may designate a different address for purposes of this section by written notice in accordance with this section.

**14.    Successors and Assigns**

This Agreement is binding upon the successors and assigns of the Parties. Neither party may transfer or assign this Agreement or any of its obligations or duties hereunder, in whole or in part, without the prior written consent of the other party.

15. **Independent contractor status**

Each party is and shall act as an independent contractor in all matters relating to this Agreement.

16. **Calendar days**

Except as otherwise provided herein all periods of days referred to in this Agreement shall be measured in calendar days.

17. **Captions**

Captions have been included for convenience of reference only, and shall not control or affect the meaning or construction of this Agreement or any of its provisions.

18. **Severability**

In the event that any portion of this Agreement is or becomes void or unenforceable, the remainder shall remain in full force and effect.

19. **Modification or amendment**

This Agreement may be changed, modified or amended only by a writing signed by the Parties.

20. **Entire agreement**

This Agreement constitutes the entire agreement of the Parties and supersedes all prior negotiations and/or agreements.

21. **Effective date**

This Agreement shall be effective upon the date of the last signature affixed hereto.

**IN WITNESS WHEREOF** the Parties have executed this Agreement on the dates set forth below.

**Brigade Manufacturing, Inc.**

Dated: _____03/08/2017_____          By _~Richard Davenport~_____

                                          **Richard Davenport**

                                          Title: ____Executor_____


**Pennsylvania Apparel, LLC**

Dated: __3/8/17_____          By _~signature~_____

                                   **Michael Mansh**

                                   Title: __President_____

# SCHEDULE A

PALLC agrees to pay Brigade for each shirt completed, accepted by the government, and shipped as shown below.  Payment to Brigade is to be made within 10 days after receipt of Brigade's invoice and signed bill of lading for each shipment.

SPE1C1-16-R-0167

1. Men's Gray S/S Army Shirts                       S/S Specials
   Base Year      -      $10.86/ea.                 $13.58/ea.
   Option Year 1 -       $10.86/ea.                 $13.58/ea.
   Option Year 2 -       $10.86/ea.                 $13.58/ea.
   Option Year 3 -       $10.86/ea.                 $13.58/ea.
   Option Year 4 -       $10.86/ea.                 $13.58/ea.

2. Men's Gray L/S Army Shirts                       L/S Specials
   Base Year      -      $12.10/ea.                 $15.13/ea.
   Option Year 1 -       $12.10/ea.                 $15.13/ea.
   Option Year 2 -       $12.10/ea.                 $15.13/ea.
   Option Year 3 -       $12.10/ea.                 $15.13/ea.
   Option Year 4 -       $12.10/ea.                 $15.13/ea.

# EXHIBIT C

# AGREEMENT

This Agreement ("Agreement") is made and entered into as of the last date set forth below, by and between Brigade Manufacturing, Inc., a Mississippi corporation with its principal place of business at 101 Ostrover Drive, Tylertown, MS, 39667 ("Brigade"), and Pennsylvania Apparel, LLC, an Illinois Limited Liability Company with its principal place of business at 1454 Schirra Drive, Ambler, PA 19002 ("PALLC") (collectively, "the Parties").

**WHEREAS,** Brigade has submitted an offer on solicitation SPE1C1-18-R-0127 and all amendments for Shirt, Man's, L/S AF 1550 and Shirt, Man's, Dress White L/S C.G. issued by Defense Logistics Agency Troop Support (DLATS) Philadelphia "("the Solicitation"), and

**WHEREAS,** the Parties are desirous of entering into an agreement by which, in the event Brigade receives the contract award from DLATS on the Solicitation, they agree to perform the resulting contract as outlined below.

**NOW THEREFORE,** in consideration of the mutual covenants and agreements set forth herein, the Parties agree as follows:

1. **Supply of materials**

   PALLC agrees to furnish Brigade, f.o.b. Brigade's plant, all contractor furnished fabric and components (except thread), which are required to manufacture and pack these Shirts.

2. **Cutting, Sewing & Shipping**

   Brigade agrees that it will, at its own cost and expense, do all cutting of fabric, all sewing in the completion of said Shirts and all packing for shipments and shall ship said Shirts in accordance with the specifications set forth by the Government in the aforementioned contract.

3. **Freight**

   PALLC agrees that it will pay freight on finished Shirts sent to the destination(s) specified in aforementioned Contract.

4. **Specifications**

   It is further agreed by PALLC and Brigade that all work pertaining to subject Shirts shall be performed in strict accordance with Specifications MIL-S-87214B and CG/PD 15-01 and to all deviations thereto as cited in said contract and in accordance with all other requirements of the contract.

5.    **Government Approval**

It is further agreed by PALLC and Brigade that all of the work shall be subject to inspection, approval and acceptance of the government, whose decision in respect to all questions arising out of the performance of such work shall be final and binding upon the parties hereto.

6.    **Insurance**

PALLC agrees to provide all necessary insurance on fabric, components (except thread), work in process and finished garments.  Brigade agrees to insure its contract labor.

7.    **Prices**

PALLC and Brigade agree to Brigade prices and payment terms according to Schedule A attached hereto for each item completed and delivered.

8.    **Payment to PALLC**

Brigade will designate its right to receive payments under the contract to a bank account designated by PALLC at Bank of America and PALLC shall have signature power over this account.  Brigade cannot change the bank account designated by PALLC for the term of the contract and until final payments have been made and the contract is closed.

9.    **Financing**

PALLC and Brigade agree that each is in a position to finance its own obligations under this agreement and neither will require financial assistance from the other.

10.   **Government interface**

In addition to providing Brigade with materials and components, PALLC shall act as Brigade's interface with the government on matters relating to the contract.  Brigade shall notify DLATS, within one week of receipt of contract award, that PALLC is its representative for all matters relating to performance and administration of the contract.

11.   **Disputes**

A.    Brigade and PALLC agree that the courts of the State of Pennsylvania shall have jurisdiction over all disputes that cannot be resolved amicably between them.

B.    The Parties agree that any dispute which arises under the contract or otherwise involves the Government shall be resolved under the "Disputes" clause in the contract; The Parties agree to cooperate in the

prosecution of any claims against the Government or in the defense of any claims by the Government; each party shall bear its own expense, however.

12.    **Governing Law**

This Agreement shall be governed by the laws of the State of Pennsylvania

13.    **Notices**

All notices required or permitted to be given hereunder shall be in writing and shall be sent by registered or certified mail, return receipt requested, by either party to the other at its address set forth below:

Brigade:

    Brigade Manufacturing, Inc.
    101 Ostrover Drive
    Tylertown, MS  39667

    Attn:     Ken Barber
    Phone:  985-515-0851
    Email:   Ken@Brigademfg.com

PALLC:

    Pennsylvania Apparel, LLC
    1454 Schirra Drive
    Ambler, PA 19002

    Attn:      Michael Mansh
    Phone:    215-643-4328
    Facsimile: 215-643-4469
    Email:    PAC500@aol.com

Either party may designate a different address for purposes of this section by written notice in accordance with this section.

14.    **Successors and Assigns**

This Agreement is binding upon the successors and assigns of the Parties. Neither party may transfer or assign this Agreement or any of its obligations or duties hereunder, in whole or in part, without the prior written consent of the other party.

15. **Independent contractor status**

Each party is and shall act as an independent contractor in all matters relating to this Agreement.

16. **Calendar days**

Except as otherwise provided herein all periods of days referred to in this Agreement shall be measured in calendar days.

17. **Captions**

Captions have been included for convenience of reference only, and shall not control or affect the meaning or construction of this Agreement or any of its provisions.

18. **Severability**

In the event that any portion of this Agreement is or becomes void or unenforceable, the remainder shall remain in full force and effect.

19. **Modification or amendment**

This Agreement may be changed, modified or amended only by a writing signed by the Parties.

20. **Entire agreement**

This Agreement constitutes the entire agreement of the Parties and supersedes all prior negotiations and/or agreements.

21. **Effective date**

This Agreement shall be effective upon the date of the last signature affixed hereto.

**IN WITNESS WHEREOF** the Parties have executed this Agreement on the dates set forth below.

Brigade Manufacturing, Inc.

Dated:_____10/27/18_____          By_____
                                          Jamie Davenport

                                          Title:_____President_____


Pennsylvania Apparel, LLC

Dated:_____10/27/18_____          By_____
                                      Michael Mansh

                                      Title:____Pres.dent____

## SCHEDULE A

PALLC agrees to pay Brigade for each shirt completed, accepted by the government, and shipped as shown below.  Payment to Brigade is to be made within 10 days after receipt of Brigade's invoice and signed bill of lading for each shipment.

<u>SPE1C1-18-R-0127</u>

| Shirt, Man's, L/S, A/F 1550 | | Specials |
|---|---|---|
| Base Year   - | $9.92/ea. | $14.88/ea. |
| Option Year 1 - | $10.15/ea. | $15.23/ea. |
| Option Year 2 - | $10.39/ea. | $15.59/ea. |
| Option Year 3 - | $10.70/ea. | $16.05/ea. |
| Option Year 4 - | $11.02/ea. | $16.53/ea. |

<u>SPE1C1-18-R-0127</u>

| Shirt, Man's, Dress White, L/S, C.G. | | Specials |
|---|---|---|
| Base Year   - | $8.70/ea. | $13.05/ea. |
| Option Year 1 - | $8.90/ea. | $13.35/ea. |
| Option Year 2 - | $9.11/ea. | $13.67/ea. |
| Option Year 3 - | $9.38/ea. | $14.07/ea. |
| Option Year 4 - | $9.66/ea. | $14.49/ea. |